# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| **ELIZABETH LANGSTON,** )<br>)<br>Plaintiff, )<br>) | Civil Action No: 5:20-3334-KDW |
| vs. )<br>) | ORDER |
| **KILOLO KIJAKAZI, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY ADMINISTRATION,** )<br>) | |
| Defendant. )<br>) | |

This matter is before the court on Plaintiff's Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 35. The Motion seeks reimbursement for counsel's representation in the matter in the amount of $11,837.81 for fees (representing 51.75 hours at $228.75 per hour) and $1,200.00 for expenses. *See* ECF No. 35. Defendant filed a Response on May 17, 2023, opposing the request for fees. ECF No. 37. Plaintiff then filed a Reply. ECF No. 39. The court has reviewed arguments made by the parties and now issues the following order.

   I.   Procedural History

Plaintiff originally filed for disability benefits and supplemental security income on September 25, 2014. ECF No. 35-1 at 2. After receiving an unfavorable decision from an administrative law judge (the "ALJ"), Plaintiff filed suit in district court. On January 14, 2019, Plaintiff's case was remanded back to the ALJ. ECF No. 35-1 at 2. After again receiving a decision denying benefits, Plaintiff filed suit again in this court on September 18, 2020. ECF No. 1. This time, the district court upheld the Commissioner's decision; however, on February 3, 2023, the U.S

Court of Appeals for the Fourth Circuit issued an opinion remanding this case for further proceedings. ECF No. 31. On April 19, 2023, this court remanded the case to the Commissioner for further proceedings consistent with the Fourth Circuit's opinion. ECF No. 33.

II.     Analysis

Plaintiff filed a Motion seeking an award of attorney's fees and costs pursuant to EAJA. A party who prevails in litigation against the United States is entitled to EAJA fees upon a timely petition, if the government's position was not "substantially justified," and there are no special circumstances that would make an award unjust. *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). The burden falls upon the Government to show that its position was "substantially justified." *Id.* A position is "substantially justified" if it has a "reasonable basis in both law and fact" or is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). There is no presumption that the Government's position is not "substantially justified" if it loses the case. *Crawford*, 935 F.2d at 657 (quoting *Tyler Bus. Servs., Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982)).

Plaintiff points to the unpublished Fourth Circuit opinion in this case, specifically the language in the opinion where the Fourth Circuit agreed with Plaintiff's position that the ALJ erred when he implied that he discredited Plaintiff's subjective symptoms of pain because there was no objective medical explanation for the intensity of her pain. ECF No. 35-1 at 5. Further, Plaintiff points to the Fourth Circuit's finding that the ALJ erred by discrediting her assertions of pain based on what daily activities she was able to perform. ECF No. 35-1 at 5. In response, the Commissioner argues that there was a reasonable basis to defend the ALJ's decision based on the factual record and the explanation provided by the ALJ. Further, the Commissioner argues that in finding that the ALJ failed to properly evaluate the subjective complaints of Plaintiff, the Fourth

2

Circuit implied that its reasoning was based more on the ALJ's explanation of his opinion, rather than a misapplication the law. A review of the Fourth Circuit's rationale suggests otherwise.

In reviewing the Fourth Circuit's analysis of Plaintiff's argument that the ALJ improperly considered her subjective complaints of pain and corresponding limitations, the Fourth Circuit acknowledged case law that cautions against rejecting a claimant's assertions of pain based solely on the rationale that medical evidence did not substantiate those claims. The Fourth Circuit also explicitly agreed with Plaintiff's contention that the ALJ erred in disregarding her statements regarding pain because the ALJ could not find objective medical support for the intensity of the pain as alleged by Plaintiff. In so doing, the Fourth Circuit cited *Arakas v. Commissioner, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020) and states that the ALJ's mention of the lack of an official diagnosis, and the placement of this support in determining the RFC implies that it was strongly related to Plaintiff's functional capacity. The Fourth Circuit further considered the fact that the ALJ improperly relied upon Plaintiff's daily activities by not acknowledging or considering that Plaintiff's ability to participate in said activities lessened over time, again citing to *Arakas*. Finally, the Fourth Circuit found error in the ALJ's reliance upon statements regarding Plaintiff's weight gain, past opiate use, and the failure of the medical records to support's Plaintiff's contention that she used a cane, because the ALJ failed to offer an analysis as to why these factors overcame Plaintiff's complaints of pain.

Thus, the Fourth Circuit, in considering whether the ALJ's opinion was properly supported by substantial evidence, cited to well-established precedent that the Fourth Circuit believed supported a finding that the ALJ committed error in finding Plaintiff was not disabled. Its analysis therefore lends one to find that Defendants' position in opposing Plaintiff's position that she is entitled to disability benefits was not substantially justified.

For these reasons, the undersigned finds that Plaintiff has met the standard to support an award of attorney's fees and costs under EAJA. Plaintiff seeks $11,837.81 in attorney's fees and $1,200.00 in expenses. Plaintiff submits in her Motion that the expenses are reimbursable under the EAJA. *See* 28 U.S.C. § 2412(a). Defendants have not challenged the attorney's time or rate of compensation. The court has reviewed the itemized attorney time and rates, as well as the litigation costs in this case. *See* ECF No. 35-2; ECF No. 35-3. Upon review, the court finds them reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Accordingly, the court grants Plaintiff's Motion for Attorney's Fees and Costs under EAJA, ECF No. 35., in the amount of $11,837.81 for fees and $1,200.00 for expenses.

IT IS SO ORDERED.

June 2, 2023                                                             Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge